Dear Representatives Webb,
¶ 0 This office has received your request for an Attorney General's Opinion in which you asked, in effect, the following questions:
1. Are telephone bills received by a municipality, for use oflandline and cellular phones by elected officials andadministrative personnel, records open for public inspection?
 2. If the answer to the first question is yes, may amunicipality withhold portions of the bill or blackoutinformation on the bill (such as a listing of the numbers calledfrom the landline and cellular phones) leaving only the totalamount due for the bill?
 I.
¶ 1 Your questions may be answered by a review of the Oklahoma Open Records Act, 51 O.S. 1991 and Supp. 1995, §§ 24A.1 to 24A.20 (the "Act"). We first note the policy strongly set forth in the Act in regard to public records:
 The Oklahoma Open Records Act shall not create, directly or indirectly, any rights of privacy or any remedies for violation of any rights of privacy; nor shall the Oklahoma Open Records Act, except as specifically set forth in the Oklahoma Open Records Act, establish any procedures for protecting any person from release of information contained in public records. The purpose of this act is to ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power.
51 O.S. 1991, § 24A.2[51-24A.2].
¶ 2 All records of public bodies and public officials must be open to any person for inspection, copying and or mechanical reproduction unless those records are protected by a privilege of confidentiality. 51 O.S.Supp. 1995, § 24A.5[51-24A.5]. This applies to records of municipal officers and employees. 51 O.S.Supp. 1995,§ 24A.3[51-24A.3](1). A telephone bill for a municipally-owned or — provided telephone would fall within the purview of the Act under the panoply of items defined to be records for any telephone bill that is "received by . . . public officials, public bodies, or their representatives in connection with the transaction of public business, the expenditure of public funds or the administering of public property." 51 O.S.Supp. 1995, §24A.3[51-24A.3](1) (emphasis added).
¶ 3 Public bodies have a specific duty to keep and maintain complete records related to the receipt and expenditure of public funds:
 In addition to other records which are kept or maintained, every public body and public official has a specific duty to keep and maintain complete records of the receipt and expenditure of any public funds reflecting all financial and business transactions relating thereto, except that such records may be disposed of as provided by law.
51 O.S. 1991, § 24A.4[51-24A.4].
¶ 4 A search of State and federal law indicated no specific authority to allow a municipality to maintain its telephone records as confidential. Therefore, from the plain language of the Act, we must conclude that telephone bills of municipalities for landline and cellular phones are public records pursuant to the Open Records Act.
 II.
¶ 5 As noted above, the Act provides that records of public agencies must be open for public inspection, copying or mechanical reproduction unless the records are protected by a privilege of confidentiality. 51 O.S.Supp. 1995, § 24A.5[51-24A.5]. The burden to establish a privilege of confidentiality rests upon the person or entity who seeks to establish it. 51 O.S. 1991, §24A.2[51-24A.2]. The Act is construed "to favor disclosure" over withholding information. Merrill v. Oklahoma Tax Commission,831 P.2d 634, 640 (Okla. 1992). Some privileges of confidentiality exist. For example, telephone numbers of confidential police informants may be kept confidential. 51O.S.Supp. 1995, § 24A.5[51-24A.5](1)(a). Consequently, the municipality may be authorized to delete that information from the telephone bill. Whether a particular telephone number can be kept confidential is a question of fact outside the scope of an Attorney General Opinion. 74 O.S.Supp. 1995, 18b(A)(5).
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Telephone bills received by a municipality for use ofmunicipal landline and cellular phones by elected officials andadministrative personnel are records open for public inspectionpursuant to the Oklahoma Open Records Act at 51 O.S.Supp. 1995,§ 24A.3(1) and § 24A.5.
 2. A municipality may withhold portions of the bill or deleteinformation on the bill only if a privilege of confidentialityexists which authorizes confidentiality of the information. 51O.S. 1991, § 24A.2[51-24A.2]. 51 O.S.Supp. 1995, § 24A.5(1). The burdento establish a privilege of confidentiality rests upon the personor entity that seeks to establish it. 51 O.S. 1991, § 24A.2[51-24A.2].Whether a municipality may do this in a particular instance is aquestion of fact outside the scope of an Attorney GeneralOpinion. 74 O.S.Supp. 1995, § 18b[74-18b](A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL